IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| JUSTIN GERBER,<br><br>　　　　　　Plaintiff,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>　　　　　　Defendant. | ORDER<br><br>Case No.  2:06CV00709DAK |

BACKGROUND

This matter is before the court on Plaintiff's Motion for Relief from Judgment under Rule 60(b) of the Federal Rules of Civil Procedure, and Plaintiff's Application for Certificate of Appealability.[1]  On November 29, 2004, Petitioner pled guilty to distribution of Methamphetamine, a violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B).  On April 1, 2005, the court sentenced petitioner to 84 months incarceration, followed by 48 months supervised release.  On August 25, 2005, Petitioner challenged this sentence by motion under 28 U.S.C. § 2255, claiming ineffective assistance of counsel.  On October 13, 2006, this motion was denied.  On October 17, 2006, the Third District Court of the State of Utah dismissed a criminal case that had been used by this court in the establishment of Petitioner's criminal history category for the determination of Petitioner's sentence.

---

[1] It appears that Petitioner has directed this application only to the Tenth Circuit, but will be considered here to the extent that it may be directed to this court.

DISCUSSION

**I. Motion Under Rule 60(b) of the Federal Rules of Civil Procedure**.

Petitioner's motion claims that the dismissal of the state criminal case which was used as a prior conviction in the establishment of his criminal history category level provides sufficient evidence that would alter the determination of his sentence. On October 17, 2006, the Third District Court of the State of Utah dismissed the case filed against Justin Barber under case no. 941003748, nunc pro tunc to November 15,1994. In order for the court to grant a motion under Rule 60(b)(2) in consideration of newly discovered evidence, the Petitioner "must, among other things, present matter that is material and of such importance that it would likely alter the outcome." *Aldrich Enterprises, Inc. v. United States*, 938 F.2d 1134, 1144 (10th Cir. 1991). There is no question that the dismissal of the state criminal case is material. However, this newly discovered evidence does not alter the court's determination of the Petitioner's sentence.

Petitioner was sentenced to 84 months incarceration, a term that falls within the guideline range of 84-105 months for an Offense Level of 23, and a Criminal History Category V. Petitioner argues that removing one point based on the dismissal of the state criminal case would reduce his Criminal History Category to IV which would change the applicable guideline range to 70-87 months. Petitioner is correct that this newly discovered evidence would result in a reduction to Criminal History Category IV, and change the applicable guideline range to 70-87 months. However, Petitioner's 84 month sentence would still fall within the applicable guideline range if his criminal history were to be reduced to Category IV. Therefore, the newly discovered evidence does not alter the outcome.

Furthermore, even if Petitioner's motion were to be granted, this court has determined that Petitioner did knowingly and voluntarily waive his right to bring a motion under 28 U.S.C. § 2255, that Petitioner's representation was not constitutionally defective, and that Petitioner was not prejudiced at any point during the proceedings.  *See United States v. Cook*, 45 F.3d 388, 392 (10th Cir. 1995) (stating that for a claim of ineffective assistance of counsel to overcome a waiver of right to appeal under 28 U.S.C. § 2255, the Petitioner must show that representation was constitutionally deficient, and that counsel's performance was prejudiced); *United States v. Glover*, 97 F.3d 1345, 1349 (10th Cir. 1996) (applying standard to sentencing proceedings and plea hearings).  The dismissal of the state criminal case does not provide evidence to show that Petitioner's representation was constitutionally deficient.  Even if Petitioner's counsel should have obtained the dismissal before sentencing in Petitioner's underlying criminal case, the court's conclusion that it would not have altered Petitioner's sentence demonstrates that there was no prejudice.  Therefore, even if Petitioners Rule 60(b) motion were granted, Petitioner would still be unable to challenge his sentence under 28 U.S.C. § 2255, and the newly discovered evidence presented by the Petitioner would not alter the outcome.

**II. Application for Certificate of Appealability**

Petitioner has also filed an Application for Certificate of Appealability with the Tenth Circuit regarding this court's denial of Petitioner's motion brought under 28 U.S.C. § 2255.  This court finds no basis for an appeal in this matter.  To the extent that the Petitioner seeks certification from this court, certification is DENIED.  However, the Tenth Circuit will make its own determination.

## CONCLUSION

Based on the above reasoning, Petitioner's Motion for Relief from Judgment pursuant to Rule 60(b) of the Federal Rules of Civil Procedure is DENIED.  Petitioner's Application for Certificate of Appealability from this court is also DENIED.

DATED this 12th day of July, 2007.

BY THE COURT:

_____
DALE A. KIMBALL
United States District Judge